

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00116-CR

---

GABRIEL ARMANDARIZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
TRIAL COURT NO. 10506

------------

## OPINION AND ORDER OF ABATEMENT AND REMAND

------------

After a lengthy jury trial, Appellant Gabriel Armandariz was convicted of capital murder and sentenced to life without parole. Armandariz timely filed a notice of appeal, and appellate counsel was appointed for him by the trial court. Armandariz's court-appointed appellate counsel filed a motion to withdraw and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Armandariz then filed a motion in this court asking that we grant him access to the appellate record. We granted that motion and directed the trial

court clerk to make the appellate record available to Armandariz and provide us notification when the appellate record was made available to him. *See Kelly v. State*, 436 S.W.3d 313, 320–21 (Tex. 2014) (discussing appellate court's responsibility to ensure that appellate record is made available to appellant).

While the trial court clerk provided us notice certifying that all *documents* contained in the appellate record were made available to Armandariz, Armandariz wrote us to complain that he did not receive certain exhibits contained in the appellate record, including certain exhibits that were *electronic files* put on disks. We then ordered the trial court clerk to make the alleged missing portions of the record available to Armandariz. We stated in our order that "it appears that several of the exhibits that [Armandariz] seeks are electronic files that were put on disks," noted that this may "present some added difficulty" in ensuring that Armandariz has access to the record, and referenced *Kelly*'s offered solution to this difficulty in that "copies of electronic files can be sent to the warden of [Armandariz's] unit with explicit instructions to provide [Armandariz] with supervised access to a computer upon which to review said files." *See id.* at 321 n.24 ("Several of the courts of appeals . . . have expressed concerns about how electronic copies can be made available to *pro se* appellants who are incarcerated. It occurs to us that . . . courts of appeals could order the trial-court clerk or its own clerk to send an electronic copy of the record to the warden of the appellant's unit with explicit instructions to provide the appellant with supervised access to a computer upon which to review it or print it out.").

The trial court clerk then notified us that she had mailed the alleged missing portions of the record—printouts of the paper documents and a disk containing audio and video exhibits—to both Armandariz and the warden of his prison unit. The trial court clerk's letter to the warden provided the specific instruction that "Mr. Armandariz is to have supervised access to a computer upon which to review the above mentioned audio/video exhibits." The trial court clerk has subsequently notified us that she received a letter from Gaye Karriker, the Unit Access to Courts Supervision of the Coffield Prison Unit, in which Karriker told the trial court clerk, "I am returning the CD containing audio and video exhibits in reference to the above named/numbered offender. All other contents of the package have been delivered this date. TDCJ offenders are not permitted access to CD's nor computer equipment with which to view the contents of the CD."

Although the trial court clerk diligently complied with our order, the record does not reflect, and we are not satisfied, that Armandariz has received access to the complete appellate record. *See id.* at 320 ("Once the appellant has filed his motion to make the appellate record available with the court of appeals, we think that the onus should shift to the court of appeals to ensure that, one way or another, this request is satisfied."). As such, we may not move forward with determining the validity of the *Anders* brief filed by Armandariz's court-appointed appellate counsel. *See id.* ("[T]he appellate court may not rule on the motion to

3

withdraw and the validity of the *Anders* brief until the appellant has been given access to, and an adequate opportunity to review the appellate record.").[1]

Because Armandariz has not received access to the complete appellate record, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court shall **within fourteen days** of the date of this opinion either: (1) appoint new appellate counsel for Armandariz;[2] or (2) bench warrant Armandariz back to the trial court so that he has an opportunity to review the CD that was returned by his prison unit. **Within twenty-one days** of the date of this opinion, the trial court shall notify this court of its compliance by filing a supplemental clerk's record and/or a supplemental reporter's record of any proceedings held in the trial court including any order signed by the trial court. Upon receipt of supplemental records, this court will take appropriate action to reinstate this appeal.

---

[1]Armandariz has filed a pro se response to the *Anders* brief; one of the complaints he raises in it is his lack of access to the complete appellate record in preparing his response. Thus, despite Armandariz's pro se response, the issue of his lack of access to the complete appellate record remains, and *Kelly* prohibits us from ruling on the validity of the *Anders* brief. *Id.* at 321–22 (holding appellate courts may not rule on validity of *Anders* brief until satisfied that appellant has been able to access appellate record to prepare response).

[2]Although we have not conducted an independent evaluation of the record to determine whether Armandariz's court-appointed appellate counsel is correct in determining that the appeal is frivolous, we note that this is a capital murder case that involved sixteen days of voir dire and twenty-one days of trial. The reporter's record contains sixty-four volumes. In light of this extensive record, the trial court may exercise discretion to appoint new counsel to determine whether there are any arguable issues capable of being briefed that should be raised.

The clerk of the court is directed to transmit a copy of this order to the appellant, the attorneys of record, the trial court judge, and the trial court clerk.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

PUBLISH

DELIVERED:  May 12, 2016